HATHAWAY and others *v.* ST. PAUL FIRE & MARINE INS. CO.

*(Circuit Court, E. D. Missouri.  ——, 1880.)*

MARINE INSURANCE—GOVERNMENT VESSEL—UNLICENSED PILOT—SEA-WORTHINESS.—The mere fact that the officers navigating a government vessel are not licensed pilots, does not *prima facie* render a vessel unseaworthy under the warranties of marine insurance.

*J. Chandler* and *J. P. Ellis*, for plaintiffs.

*Lee, Marshal & Barclay*, for defendant.

Motion of defendant for new trial.

TREAT, J., *(orally.)* Concerning this case we have had very full conference, and I am now authorized by Brother Krekel to announce that we have reached the same conclusion—that the motion for a new trial must be sustained. The character of the action was this: Certain army officers, being ordered from one post to another, proceeded, under an order from the war

department, and shipped their private effects on a government vessel, going up the river. They took out insurance on those effects, the agent of the underwriter knowing that the property was to be shipped on this government vessel. Hence the contention seems to have been, at an early stage of the trial, whether the rules and laws that require vessels to have licensed pilots are applicable to government vessels.

. Testimony was received as to the unlicensed pilots navigating the vessel on which the disaster occurred, in order to ascertain whether the vessel was seaworthy, under the warranties of marine insurance. Judge Krekel *originally* held that the mere fact of the officers being unlicensed did not *prima facie* render the vessel unseaworthy, but it was a matter of fact to be determined by the jury. But in the course of the trial and after various arguments the doctrine of contributory loss, and general and particular average, was urged to show that inasmuch as the government or a government vessel could not be compelled to contribute if there had been a jettison, for illustration, therefore the whole case was taken out of the body of the law of insurance as to seaworthiness. But this was not a case involving any such propositions. Yet his instructions were based on that theory. This contract was not between the government and the shipper, nor between the government and the underwriter, but between the shipper and the underwriter; and all the warranties that follow with regard to seaworthiness obtain. Whether the vessel was a government or any other vessel, yet the mere fact that the government vessel does not have a licensed pilot, and is not bound to have one, does not raise presumptions one way or another; it becomes a simple matter of fact, and must be left to the jury. I want to remark that under the motion for a new trial one of the grounds was newly discovered evidence, and that this new trial is not granted on that matter. If that had been all, the motion would have been overruled; but it simply rests upon the point already stated. I am instructed to say, by Judge Krekel, that for these reasons the motion must be sustained.